## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 26 2015, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cynthia M. Carter
Law Office of Cynthia M. Carter, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ryan D. Johanningsmeier
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas W. Burton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 26, 2015<br>Court of Appeals Case No.<br>41A01-1312-CR-539<br>Appeal from the Johnson Circuit Court<br>The Honorable K. Mark Loyd, Judge<br>Cause No. 41C01-1305-FB-38 |

**Brown, Judge.**

# Memorandum Decision on Rehearing

[1] Thomas Burton appealed his convictions for dealing in a schedule II controlled substance as a class B felony, aiding in dealing in methamphetamine as a class B felony, and two counts of dealing in a schedule IV controlled substance as class C felonies. In a memorandum decision, this court affirmed his convictions. *Burton v. State*, No. 41A01-1312-CR-539 (Ind. Ct. App. January 30, 2015). Burton has petitioned for rehearing, which we now grant in part in order to correct certain factual statements made in the memorandum decision.

[2] Specifically, Burton directs our attention to a statement in our memorandum decision that a person named Jeremy Clark "performed the hand-to-hand drug transaction with Burton." *Burton*, slip op. at 3. The memorandum decision should have stated that Clark "performed the hand-to-hand drug transaction with *CI-32*." We grant rehearing to correct the record for this purpose.

[3] However, to the extent that Burton argues that "[t]his is relevant and material to the sufficiency argument," *id.*, we disagree because Burton was charged with and convicted for aiding in dealing in methamphetamine as a class B felony for the facts related to this transaction. As noted in the memorandum decision:

> On March 22, 2013, CI-32 arranged to purchase methamphetamine for $120 from Burton at the Tearman Hotel in Franklin, Indiana, and informed Detective Wampler, who was assisted by Johnson County Narcotics Detective Damian Katt. Detective Wampler searched CI-32 prior to conducting the transaction, and CI-32 did not have any narcotics on his person. CI-32 was provided with $200 to purchase methamphetamine and potentially other drugs. Burton drove a white van into the hotel parking lot, and Jeremy Clark accompanied him in

the front passenger seat. Burton told CI-32 to enter the driver's-side rear seat of the van, and CI-32 did so. Clark performed the hand-to-hand drug transaction with [CI-32].[1] Both Detectives Wampler and Katt observed the transaction and video-recorded it. CI-32 returned to Detective Katt after leaving the van without leaving the sight of the detectives and handed Detective Katt two baggies containing a substance which the detectives identified as methamphetamine and which field tested positive for methamphetamine. CI-32 had eighty dollars remaining on his person.

*Id.* at 3-4. As discussed in the memorandum decision, Burton was charged with aiding in dealing in methamphetamine and his challenge to the sufficiency of the evidence related to whether the substance sold to CI-32 by Clark was actually methamphetamine. *Id.* at 39. We cannot say that the mistaken reference to Burton rather than CI-32 in our initial memorandum decision is relevant and material to Burton's sufficiency argument or impacted our analysis regarding his guilt as to that charge.

[4] We grant Burton's petition for rehearing for the limited purpose of correcting a statement of fact and deny his petition in all other respects.

Barnes, J., and Bradford, J., concur.

---

[1] As noted above, in the memorandum decision this court mistakenly stated that Clark performed the hand-to-hand drug transaction with Burton.